UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHRISTOPHER D. MELVIN, et al.                                                    PLAINTIFFS

v.                                                          CIVIL ACTION NO. 3:09CV-893-S

NACHI-FUJIKOSHI CORPORATION, et al.                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendants, Nachi-Fujikoshi Corporation ("N-F Corp."), Nachi America, Inc. ("Nachi Am."), and Nachi Robotic Systems, Inc. ("NRS"), to dismiss the action for failure to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6)(DNs 6, 21),[1] and on motion of the plaintiff, Christopher D. Melvin[2] ("Melvin") for leave to file a First Amended Complaint (DN 12).

This action arose from a workplace injury suffered by Melvin on the premises his employer, Akebono Corporation, where he was employed as a maintenance mechanic. On October 14, 2008, Melvin was assessing and attempting to repair a machine on the line that was not functioning properly. He states in his affidavit that

> ...On October 14, 2008, I was performing my job duties when I was dispatched to inquire about a problem with a machine on the line that I have later come to know was manufactured by the Defendants.
>
> ...That when I began working on the machine, I put the machine in manual. The problem with the machine is that it was not pumping out any coolant. I assessed that no coolant was coming out the [sic] machine. I then tried to prime the coolant pump and that did not work. I then placed my arm into the machine to check the suction

---

[1] N-F Corp. has filed a motion to dismiss which raises two grounds for dismissal. It urges that the complaint fails to state claim upon which relief may be granted and that the court has no personal jurisdiction over it in Kentucky. N-F Corp.'s motion is addressed herein to the extent that it seeks a 12(b)(6) dismissal. The matter of personal jurisdiction will be addressed in a separate opinion.

[2] Niki Melvin is also a named plaintiff, alleging loss of consortium. Her claim is not in issue here.

port to ascertain if anything was blocking the coolant flow. While the machine is in manual cycle it should not have started the conveyor running. However, it did and my arm became trapped in the machine causing serious physical injury to my arm.

Melvin Aff., ¶¶ 2, 3.

Melvin alleged in the factual allegations in his Complaint that he was "working for his employer, Akebono, operating a piece of machinery...when the piece of machinery malfunctioned causing a part of the machinery to severely injure Plaintiff's arm." Compl., ¶ 7. He seeks to add a paragraph to explain in greater detail how the accident allegedly occurred and how the machine allegedly malfunctioned. 1st Amend. Compl. ¶ 8. Paragraph 8 mirrors the allegations in Melvin's affidavit.

Fed.R.Civ.P. 15(a)(2) provides that leave to amend should be freely given when justice so requires. We find no prejudice to the defendants in granting leave to amend at this early stage in the case. The matter was removed to this court a number of months ago and the parties have not met for a Rule 16 conference. Nachi Am. and NRS object to the filing of the amended pleading, urging that amendment would be futile. However, under the newly reformulated dismissal standard, we find the amended pleading to be sufficient.

To overcome a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As explained in *Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009),

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id..*, at 557, 127 S.Ct. 1955 (bracket omitted).

Melvin alleges that after he put the machine in manual mode, it malfunctioned, causing the conveyor to run, rather than shut off, and trapped his arm in the machine. The *Twombly* standard requires only that the facts suggest a plausible claim. Melvin urges a defect in the design or manufacture of this machine, and a failure to adequately warn and instruct concerning the defective condition of this machine. Amendment to the Complaint will be permitted.

Nachi America and NRS take issue with Melvin's use of the term "malfunction" as too non-specific to support a claim, and urge that Melvin has failed to link such a "malfunction" with a "defective condition." The court finds, however, that something more than "malfunction" has been alleged. Specifically, Melvin alleges that the conveyor did not shut off in the manual mode as it was supposed to, and that this "malfunction" resulted from some sort of defective design or manufacture of the machine. He is unable at this stage of the litigation to identify the defect which caused the failure of the conveyor to operate correctly in the manual mode, as the parties are just embarking upon discovery. Melvin may also seek to develop his claims that he was not properly warned of the dangers or the proper use of this machine. However, taking the allegation of the complaint as true, for purposes of this motion, Nachi America and NRS' motion to dismiss for failure to state a claim upon which relief may be granted will be denied.

Therefore, motions having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiffs, Christopher D. and Niki Melvin, for leave to file a first amended complaint (DN 12) is **GRANTED** and the First Amended Complaint is ordered **FILED IN THE RECORD.**

**IT IS FURTHER ORDERED** that the motion of the defendants, Nachi America and Nachi Robotic Systems, Inc.*,* to dismiss (DN 6) is **DENIED.**

**IT IS SO ORDERED.**